FILED
 2017 Jan-05 AM 09:13
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TOMEKA GASTON,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 1:16-CV-1933-VEH** |
| | ) |
| **TAMCO PROPERTY** | ) |
| **MANAGEMENT, LLC, d/b/a** | ) |
| **MEADOW PARK APARTMENTS,** | ) |
| | ) |
|    **Defendant.** | ) |

## **MEMORANDUM OPINION**

**I.     Introduction**

Defendant TAMCO Property Management, LLC ("TAMCO") removed this landlord/tenant lawsuit from the Circuit Court of Calhoun County on December 1, 2016. (Doc. 1). Plaintiff Tomeka Gaston ("Ms. Gaston") alleges that, after leasing an apartment from TAMCO, mold started growing due to ineffective leak repairs (Doc. 1-1 at 3 ¶¶ 8-11)[1] and eventually the property became uninhabitable. (*Id.* at 4 ¶ 19). TAMCO's Notice of Removal asserts that this court has the power to preside over the action under 28 U.S.C. § 1332(a)(1), which authorizes federal jurisdiction for disputes involving both a sufficient amount in controversy and complete diversity of

---

[1] All page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

citizenship between the adverse parties.

Pending before the court is a Motion for Remand to the Circuit Court of Calhoun County, Alabama (Doc. 4) (the "Motion") filed on December 8, 2016. Ms. Gaston primarily contends that TAMCO cannot satisfy the amount in controversy requirement applicable in diversity cases. (Doc. 4 at 1-2 ¶¶ 1-6). She also asserts that TAMCO "has not met the prerequisites of removal under 28 U.S.C. § 1441" (Doc. 4 at 2 ¶ 7), but provides no further details.

As the concluding paragraph of TAMCO's Notice of Removal reads, "if any question arises as to the propriety of the removal of this action, the removing party requests the opportunity to present a brief and oral argument in support of this Court's subject-matter jurisdiction." (Doc. 1 at 6 ¶ 21). Under Appendix III of the court's uniform initial order (Doc. 2) entered on December 2, 2016, TAMCO's request for a briefing order was granted as TAMCO was afforded an opportunity to file a brief in opposition to the Motion. (*Id.* at 23). However, Appendix III's 14-day deadline passed on December 22, 2016, and TAMCO filed nothing. For the reasons stated below, the Motion is due to be granted in terms of the relief sought by Ms. Gaston and otherwise is due to be termed as moot.[2]

---

[2] Because the foregoing jurisdictional analysis is uncomplicated and because TAMCO did not bother to file any opposition to the Motion (despite expressly asking for an opportunity to brief the court and given subsequent permission to do so through the framework of the uniform initial

## II. Standards

### A. General Jurisdictional Principles

Because federal courts are courts of limited jurisdiction, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-1401 (11th Cir. 2000); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam))).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18, 71 S. Ct. 534, 542, 95 L. Ed. 702 (1951)) (footnote and citation omitted). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts

---

order), its collateral request to present oral argument is due to be denied.

are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)).

Congress has decreed and the Supreme Court has confirmed that—with the express exceptions of removed lawsuits naming federal officers/agencies or asserting civil rights violations—orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from appellate review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 , 126 S. Ct. 2145, 2154, 165 L. Ed. 2d 92 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'" (quoting *Briscoe v. Bell*, 432 U.S. 404, 413 n.13, 97 S. Ct. 2428, 2434 n.13, 53 L. Ed. 2d 439 (1977))); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*,

127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B. Diversity-Based Removal Jurisdiction

As indicated in the introductory section, TAMCO premises its removal upon this court's diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Therefore, removal jurisdiction based upon diversity requires TAMCO to show: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement. *See, e.g., Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by Best Buy, <u>Best Buy bears the burden of proving that federal jurisdiction exists</u>.") (emphasis added).

### III. Analysis

TAMCO asserts in supporting its removal that the amount in controversy

component is satisfied because on April 2, 2015, Ms. Gaston "sent a demand letter . . . offering to settle the case for $110,000 – well above the jurisdictional limit." (Doc. 1 at 4 ¶ 9). Concerning the contents of this written settlement offer, Ms. Gaston counters that "[t]here is nothing in the Complaint in regard to [her] minor child" and that "[t]he demand for the Plaintiff was $ 40,000.00 in the April 2, 2015, demand letter." (Doc. 4 at 2 ¶ 6); (*see also* Doc. 1-1 at 10 ("Based upon clear liability, Ms. Gaston makes a demand in the amount of $40,000.00 for the belongings destroyed by the mold, her services in caring for Elijiah [Gaston] due to the health issues, her own health issues, emotional distress and pain and suffering.")).

Without reaching the merits of the parties' amount-in-controversy dispute or addressing any potential procedural errors arising under §§ 1441, 1446, and/or 1447, the court perceives a more straightforward substantive flaw with TAMCO's Notice of Removal. More particularly, the Notice of Removal does not satisfy the diversity of citizenship requirement according to the standard enunciated by the Eleventh Circuit in *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004). Specifically, *Rolling Greens* held that, in order to establish diversity, if a limited liability company is a party, the names and states of domicile of <u>each member</u> of the limited liability company must be listed. *See id.* at 1022 (joining sister circuits in holding that "a limited liability company is a citizen of any state of which

6

a member of the company is a citizen"); *see also Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (finding absence of diversity for claims asserted by intervening LLC against original plaintiff LLC due to shared New York citizenship of certain members of those opposing LLC parties).

Here, in contravention of this binding jurisdictional rule, TAMCO inadequately alleges in its Notice of Removal:

> The removing party is not, and was not, at the institution of this civil action, or at any time intervening, a corporation of, or had its principal place of business, in Alabama. The complaint states in Paragraph 2 that the Defendant is a foreign corporation to the state of Alabama, and is a Tennessee Corporation. (Exhibit "A").

(Doc. 1 at 5 ¶ 12). Moreover, neither the remainder of TAMCO's removal petition nor the attachments (Doc. 1-1 (Ms. Gaston's state court complaint marked as "Exhibit A" to the Notice of Removal); Doc. 1-2 (Ms. Gaston's settlement demand dated April 2, 2015, marked as "Exhibit B" to the Notice of Removal))[3] identify who TAMCO's member or members are, much less delineate the state(s) of citizenship for its member(s). TAMCO also did not respond to this court's Rule 7.1 order (Doc. 3), which might have disclosed this critical information.

---

[3] Although TAMCO's Notice of Removal references an "Exhibit C", that particular attachment, described as the "Notice with the Clerk of the Circuit Court of Calhoun County, Alabama" (Doc. 1 at 6 ¶ 19), has not been filed into CM/ECF and, therefore, is not a part of the record.

7

Further, because this court cannot verify the presence of diversity of citizenship, TAMCO has not carried its jurisdictional burden as the removing party. *See Best Buy, supra*; *see also McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936) (providing that party who is attempting to invoke the jurisdiction of the federal court has burden of satisfactorily establishing its existence). As a result, the remand sought by Ms. Gaston for lack of subject matter jurisdiction is due to be granted, albeit for reasoning different than what she presented for consideration in her Motion.

### IV. Conclusion

Ms. Gaston's Motion is due to be granted regarding the relief she seeks–a remand to state court for lack of subject matter jurisdiction. Otherwise, the Motion is due to be termed as moot. TAMCO's request to present oral argument is due to be denied as explained in n.2, *supra*. The court will enter a separate order remanding this action to the Circuit Court of Calhoun County.

**DONE** and **ORDERED** this 5th day of January, 2017.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge